# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:13-cv-00526-MR
# (CRIMINAL CASE NO. 3:08-cr-00207-MR)

| | |
|---|---|
| CHARLES D. HARRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and/or on a Motion for Relief from a Judgment of Order, filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## BACKGROUND

Petitioner filed the instant § 2241 petition and/or Rule 60(b)(4) motion on September 19, 2013, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:08-cr-00207-MR, in which Petitioner pled guilty to conspiracy to defraud the United States, securities fraud, and

conspiracy to commit money laundering, and was sentenced to a total of 168 months' imprisonment. [Criminal Case No. 3:08-cr-00207-MR, Doc. 13: Judgment]. On September 9, 2011, Petitioner filed a motion to vacate the same conviction and sentence, pursuant to 28 U.S.C. § 2255, and the Court dismissed as untimely the motion to vacate on October 4, 2011. [See Civil Case No. 3:08-cv-00207-MR, Docs. 1, 3]. On February 28, 2012, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal. See United States v. Harrison, 468 F. App'x 321 (4th Cir. 2012).

In this action, Petitioner seeks to have his conviction vacated based on his contentions that (1) this Court lacked jurisdiction to convict him because the federal prosecutor "failed to obtain authorization from an appropriate Assistant Attorney General" before indicting Petitioner, where the State of North Carolina had already brought charges against Petitioner; (2) Petitioner's criminal action was improperly "removed" from state court; (3) the indictment was fatally defective; and (4) the Government's breach of its agreement not to use Petitioner's own statements against him, when it used those statements to provide a factual basis for Petitioner's plea.

## DISCUSSION

The Court first notes that, to the extent that Petitioner seeks to bring this matter as a motion under Rule 60(b)(4), such motion constitutes a

successive petition under § 2255. That is, despite the label affixed to this action, Petitioner is clearly challenging his conviction and sentence. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, to the extent that this action is brought under Rule 60(b)(4), it is an unauthorized, successive petition and must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

Next, to the extent that Petitioner brings this action as a § 2241 petition, as noted, Petitioner has already filed a § 2255 motion to vacate his

3

conviction.  Section 2241 cannot be used to avoid the successive petition rules for § 2255 motions to vacate.[1]  See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (stating that the "remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion") (citation omitted).  Thus, to the extent that this action is brought as a § 2241 petition, it will be dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a

---

[1]  Furthermore, Petitioner does not show or even argue that he is entitled to relief under § 2241 through the savings clause of § 2255(e).

certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241and/or Motion under Rule 60(b)(4) [Doc. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 28, 2013

Martin Reidinger
United States District Judge